**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND, TRUSTEES OF THE CONTRACT ADMINISTRATION FUND, TRUSTEES OF THE WALL AND CEILING INDUSTRY PROMOTION FUND and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROY ALAN PITMAN, ADAM JACOB PITMAN, SHANE PAUL PITMAN and CARLA SUE PITMAN, collectively doing business as Pitman Enterprises,<br><br>    Defendants. | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Page 1 – **COMPLAINT**



Plaintiffs allege:

## I

## THE PARTIES

1.      Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Local Training Fund), the Carpenters International Training Fund (International Training Fund), the Walls and Ceiling Industry Promotion Fund (Promotion Fund), the Contract Administration Fund (Contract Fund) (collectively, "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2.      The Health Fund, Vacation Fund, Local Training Fund and International Training Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).  The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Trust Funds, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.  The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund have discretionary authority and control over the management of those Trust Funds, and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

///     ///

///     ///

Page 2 – **COMPLAINT**



3. The Union is a labor organization with his principal office and place of business in SeaTac, Washington. The Union is the successor to the Pacific Northwest District Council of Carpenters.

4. The Promotion Fund and Contract Fund are trust funds created pursuant to trust agreements. The Promotion Fund and Contract Fund are governed by boards of trustees.

5. At all material times (January 2016 through December 2016), defendants were individuals who collectively performed work in Oregon under the assumed business name Pitman Enterprises. At all material times, defendants were "employers" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and were engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

6. The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund against defendants for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

7. At all material times (January 2016 through December 2016), the project labor agreement (PLA) by which defendants were bound covered employees in an industry affecting commerce, and the activities of defendants affected commerce. The Court has jurisdiction over the Claim for Relief brought by each plaintiff against defendants pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

///    ///

### III

### JOINDER

8.    The obligations of defendants to plaintiffs arise out of the same project labor agreement.  Common questions of law and fact govern the claims each plaintiff has against defendants.

### IV

### CLAIM FOR RELIEF

9.    Under the terms of the PLA, defendants agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.  Defendants further agreed to pay fringe benefit contributions on behalf of their employees performing work covered by the PLA to the Trustees of the Trust Funds, and to remit union dues to the Union.  Defendants further agreed to file monthly remittance report forms and to pay fringe benefit contributions and union dues to the Trustees of the Trust Funds and Union by the 20th day of the month following the month in which the work was performed by their employees.

10.    The Trust Agreements that created the Trust Funds provide that the Trustees for each Trust Fund have the right to require an employer to promptly furnish them with payroll records, information, data, reports and other documents reasonably relevant to and suitable for the administration of the Trust Funds.  The Trustees of the Trust Funds have requested that defendants make their payroll books and records available to an auditor retained by them in order to determine whether they have paid all required fringe benefit contributions to the Trust Funds for his employees who performed work covered by the PLA for the time period from January 1, 2016, through December 31, 2016.

///    ///

Page 4 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 Main Street  Portland, Oregon 97205
P: 503 221 1772    F: 503 221 1074

11.   Defendants have failed to cooperate and grant the auditor retained by the Trustees for the Trust Funds access to all of their payroll books and records that are necessary in order to determine whether they have paid all required fringe benefit contributions for their employees who performed work covered by the PLA during the period of January 1, 2016, through December 31, 2016.  This action by defendants constitutes a breach of their PLA and a violation of the Trust Agreements that created the Trust Funds.

12.   Defendants should be required to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds to determine whether all required fringe benefit contributions have been paid for defendants' employees who performed work covered by the PLA from January 1, 2016, through December 31, 2016.

13.   The Trustees of the Trust Funds have no plain, speedy or adequate remedy at law.

14.   The Trust Agreements that created the Trust Funds provide that they are entitled to recover reasonable attorney fees from an employer such as defendants when litigation is necessary to require an employer to comply with the employer's obligations under the Trust Agreements.  Defendants should be required to pay the Trust Funds' reasonable attorney fees for the time spent compelling the payroll examination of their books and records.

15.   The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are also entitled to recover reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

WHEREFORE, plaintiffs pray for a decree and judgment against defendants as follows:

1.   Requiring defendants to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds


BROWNSTEIN RASK LLP
1200 Main Street  Portland, Oregon 97205
P: 503 221 1772    F: 503 221 1074

to determine whether all required fringe benefit contributions have been paid for defendants' employees who performed work covered by the PLA from January 1, 2016, through December 31, 2016;

    2.    Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendants' books and records (for any time period other than year 2016) in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendants to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

    3.    Requiring defendants to pay the Trust Funds' reasonable attorney fees;

    4.    Requiring defendants to pay plaintiffs' costs and disbursements incurred herein; and

    5.    For such further equitable relief as the Court deems just and proper.

DATED this 8th day of March 2018.

                    **BROWNSTEIN RASK, LLP**

                    /s/ Cary R. Cadonau
                    Cary R. Cadonau, OSB #002245
                    Of Attorneys for Plaintiffs